Filed 3/23/26  Xia v. State Dept. of Education CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| YE YING STELLA XIA et al., | |
| Plaintiffs and Appellants, | G065014 |
| v. | (Super. Ct. No. 30-2024-01403405) |
| STATE DEPARTMENT OF EDUCATION, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge. Affirmed.

Ye Ying Stella Xia and Aretha Li, in pro. per., for Plaintiffs and Appellants.

Len Garfinkel, General Counsel, Bruce Yonehiro, Assistant General Counsel, and Peter J. Stubbs, Deputy General Counsel, for Defendant and Respondent.

Ye Ying Stella Xia and her daughter Aretha Li (plaintiffs) appeal from the judgment entered in favor of defendant State Department of Education (department) after the trial court sustained the department's demurrer to plaintiffs' complaint without leave to amend. The department had demurred on the ground plaintiffs' claims were barred for their failure to timely comply with the Government Claims Act (Gov. Code, § 810 et seq.). For the reasons we explain, we affirm.

ALLEGATIONS AND PROCEDURAL BACKGROUND

In May 2024, plaintiffs filed a complaint against the department in which they sought an award of damages, including punitive damages.[1] As relevant to the issues presented in this appeal, plaintiffs alleged in the complaint that after defendant Placentia Yorba Linda Unified School District (district) failed to satisfactorily address plaintiffs' concerns and requests related to alleged incidents of bullying, petty theft, and grand theft at Valencia High School where Li had attended, Xia appealed to the department to address the district's response.[2]

Plaintiffs further alleged in the complaint that, from September 2020 to March 2021, Xia submitted three appeals to the department "on [the district]'s investigation reports." According to the complaint, on April 29,

_____

[1] In the complaint, plaintiffs asserted claims against the department for (1) "unjustified failure to discharge mandatory duties"; (2) violation of due process rights; and (3) "reckless and biased school administrators, complaint administrators and investigators." (Capitalization and boldface omitted.)

[2] Plaintiffs also named the district and California's Commission on Teacher Credentialing as defendants in the complaint. As those defendants are not parties to this appeal, they are only mentioned in this opinion when relevant to provide context.

2

2021, the department "issued its final decision letter and denied . . . Xia's appeal." On October 29, 2021, the department denied, as untimely, Xia's October 4, 2021 request for reconsideration, reaffirmed its final decision to close Xia's complaint, and advised her to seek legal counsel. Over two years later, on November 7, 2023, plaintiffs filed a claim against the department pursuant to the Government Claims Act.

The department filed a demurrer to the complaint on the ground, inter alia, it was barred because plaintiffs failed to timely present their claims for damages pursuant to the Government Claims Act. Plaintiffs filed opposition to the demurrer.

The trial court sustained the department's demurrer in its entirety without leave to amend because plaintiffs failed to timely present a written claim to the department. Judgment of dismissal of the plaintiffs' complaint against the department was entered with prejudice accordingly. Plaintiffs timely appealed.

## DISCUSSION

### I.

### STANDARD OF REVIEW

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] "'"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law."'""" (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we

affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

II.

## THE DEMURRER WAS PROPERLY SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE EQUITABLE TOLLING IS INAPPLICABLE TO THIS CASE

Plaintiffs contend the trial court erred by sustaining the demurrer because they pleaded facts in the complaint showing they timely presented their government claim by operation of the equitable tolling doctrine. Alternatively, they argue, the court erred by failing to grant them leave to amend the complaint to show equitable tolling. Plaintiffs' arguments lack merit because, as explained *post*, the doctrine of equitable tolling does not apply to extend the government claims presentation period.

A notice of a claim for damages against a public entity must be presented "not later than six months after the accrual of the cause of action." (Gov. Code, § 911.2, subd. (a).) If the claim is not filed within the six-month period, the person making the claim may apply for leave to file a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (Gov. Code, § 911.4, subds. (a) & (b).)

"Timely claim presentation is not merely a procedural requirement, but is a condition precedent to the claimant's ability to maintain an action against the public entity." (*California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581, 1591.) The failure to so timely present a claim to the public entity bars a lawsuit against the public entity, ""even in the face of the public entity's

4

actual knowledge of the circumstances surrounding the claim.'""'(*The Kind & Compassionate v. City of Long Beach* (2016) 2 Cal.App.5th 116, 125, fn. 1.)

Here, plaintiffs alleged in the complaint the department rendered its final decision in April 2021, and in October 2021, reaffirmed that final decision. The complaint further alleges plaintiffs did not present their government claim against the department until over two years later.[3] As plaintiffs failed to timely present their claims, their lawsuit against the department is barred. The trial court therefore correctly sustained the department's demurrer on that ground.

Plaintiffs argue the demurrer should not have been sustained because the complaint shows their claims against the department were timely as "equitably tolled." The doctrine of equitable tolling, however, "cannot be invoked to suspend [Government Code] section 911.2's six-month deadline for filing a prerequisite government claim" because "the six-month period of section 911.2 is not a statute of limitations [citation] to which tolling rules might apply." (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1121.) Furthermore, "[a]pplication of tolling to the claims presentation deadline would undercut the public policies and purposes that require that deadline be 'strict[ly]' applied." (*Id.* at p. 1122.)

In *Willis*, the appellate court explained: "The purpose of the claims statutes is not to prevent surprise like judicial statutes of limitation.

---

[3] Plaintiffs alleged they filed a request to file a late claim in November 2023. An application to present a late claim must be made no later than one year after the accrual of the cause of action. (Gov. Code, § 911.4.) As plaintiffs' claims against the department accrued no later than October 2021, when it reaffirmed its April 2021 final decision rejecting plaintiffs' appeals, plaintiffs' request two years later that they be permitted to file a late claim was itself late and ineffective to provide relief to plaintiffs for their failure to comply with the Government Claims Act.

[Citations.] Rather, the purpose is ""to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.] It is well-settled that claims statutes must be satisfied even in [the] face of the public entity's actual knowledge of the circumstances surrounding the claim."" [Citation.] ""Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel."" [Citation.] "'The claims statutes also 'enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future.' [Citations.]" Moreover, the intent of the Government Claims Act is "not to expand the rights of plaintiffs against government entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances.""" (*Willis v. City of Carlsbad, supra*, 48 Cal.App.5th at p. 1122.) These important policy considerations "would not be served by tolling the government claim deadline while a plaintiff pursues other legal remedies against the government defendant." (*Id.* at pp. 1122–1123.)

Because equitable tolling does not apply to extend the government claims presentation deadline, the trial court did not err by denying plaintiffs' request for leave to plead facts relevant to equitable tolling in this case. Plaintiffs have failed to show how they could otherwise amend the complaint to state a viable claim against the department.

In their opening brief, plaintiffs argue they could amend the complaint to allege the department engaged in fraud, corruption, and malice, and was part of a conspiracy against plaintiffs with other defendants. Plaintiffs have failed to explain how they could amend to allege facts that would state a viable cause of action against the department. In any event, even if plaintiffs could allege requisite facts, plaintiffs have failed to show

6

they have timely complied with the Government Claims Act with respect to any such new cause of action. The only government claim form in our record is the one attached to the complaint and that form does not mention any such claims against the department, much less any alleged wrongdoing on the department's part that occurred after October 2021. We find no error.

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.


MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.

7